IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-92 |
| | ) | |
| MAYANK MISHRA. | ) | Hon. Cathy Bissoon |

## GOVERNMENT'S NOTICE OF EVIDENTIARY ISSUES PURSUANT TO PRETRIAL ORDER (DOC. 209)

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Donovan Cocas, Assistant United States Attorney for said district, and respectfully files this Notice of Evidentiary Issues (hereinafter, "Notice") Pursuant to this Court's Pretrial order of January 5, 2015 (Doc. 209, ¶2).

Ordinarily, the Government would have raised these issues sooner in a motion in limine. But the Government was unaware of these disputes until approximately November 20, 2015 because only at that time did Defendant Mayank Mishra (hereinafter, "Mishra") begin divulging, on a rolling and ever-expanding basis, the list of exhibits and witnesses he intends to present at trial: including an **expert** witness who should have been noticed six months ago under this Court's Pretrial Order, yet was not  For the reasons set forth below, the Government disputes the admissibility of this newly-divulged evidence.

## ARGUMENT

To read Mishra's still-evolving list of evidence and witnesses, one would think that the United States Attorneys Office ("USAO"), the Department of Homeland Security ("DHS"), and the Customs Inspection Service ("CIS") were on

1

trial, instead of him. The Government respectfully asks that this Court take reasonable measures now to prevent Mishra from turning this trial into a three-ring circus featuring lengthy digressions into issues having nothing to do with his guilt or innocence of the charged offense.

From the recently-disclosed witness and exhibit lists that Mishra has offered and the arguments made for the first time in the briefs he has filed in the last few days, it has become clear that his trial strategy will be to encourage jury nullification by suggesting that the Government has been "targeting" his family for decades. Specifically, Mishra has announced that he intends to offer, among other things, (1) evidence from Akhil Mishra's criminal trial in the late 1990s, including attorney-client communications, search warrants, briefs, and the entire transcript of that trial; (2) evidence of Rajeshwari Mishra's criminal history from the early 2000s, including her entire immigration file; and (3) various evidence intended to show that the sale of "paraphernalia" is legal.

But the Government is not on trial here: Mishra is. None of this evidence is relevant to the matter at hand --- i.e., whether Mishra conspired with Richard Bush, Willis Wheeler, and others to distribute heroin in 2011 and 2012 --- under Rule 401 of the Federal Rules of Evidence. Even if it were relevant, this evidence should be excluded under Rule 403 of the Federal Rules of Evidence because it will confuse or mislead the jury by suggesting that it should acquit Mishra on the basis of selective or vindictive prosecution. Accordingly, the Government asks that this Court order each of the following, enforceable by penalty of contempt, before the trial begins.

## I. The Parties Should Be Precluded From Arguing, Implying, Or Offering Any Evidence That The Government Has Vindictively Or Selectively Prosecuted Any Defendant Or Any Relative Of Any Defendant.

In his most recently-filed briefs, Mishra has made it clear that he intends to argue that the Government has been persecuting his family for decades and that it is prosecuting him vindictively (or perhaps, selectively) now. See Docs. 277 and 278. But the Third Circuit has held that vindictive prosecution claims **only** may be raised in pretrial motions. See United States v. Dufresne, 58 F. App'x 890, 895 (3d Cir. 2003) (unpublished) (discussing United States v. Berrigan, 482 F.2d 171, 174-76 (3d Cir. 1973) (so holding regarding claims of selective prosecution)). Consequently, and as Dufresne squarely held, a defendant may be prohibited from arguing vindictive prosecution to the jury. See Dufresne, 58 F. App'x at 895. The same is true of selective prosecution claims. See Doxon v. Curley, No. 10-4381, 2012 WL 1413453, at *14 (E.D. Pa. Feb. 28, 2012) (citing Berrigan).

Consistent with Dufresne and Berrigan, the Government respectfully submits that Defendants must be precluded from arguing, suggesting, or offering any evidence that they were "targeted" selectively, vindictively, or in any way unfairly. This evidence would include, but not be limited to, all of Mishra's proposed evidence regarding the investigation, prosecution, or treatment of parties not before the Court, including any evidence pertaining to the past or current prosecutions of Akhil and Rajeshwari Mishra or any other party who will not be testifying as a witness in this case. Permitting such evidence would lengthen this trial by, in essence, necessitating "mini-trials" of matters involving parties not before this Court who were tried and convicted of different charges long ago before different judges and juries on different facts. This evidence is plainly irrelevant to any matter at issue in case at bar under Rule 401 of the Federal Rules of Evidence and is inadmissible under Rule 402.

If Mishra is permitted to present evidence of a Government "vendetta" against his family, the Government would be entitled to rebut such evidence by (for instance) calling as witnesses the attorneys who signed off on the indictments of Mishra (current United States Attorney David Hickton), Akhil (former United States Attorney Thomas Corbett, Esq.), and Rajeshwari (former United States Attorney Harry Litman, Esq.) --- as well as the AUSAs who prosecuted those cases --- to explain why they acted without any animus toward the Mishra family. That would create the undesirable consequence of causing the AUSAs involved in the **current** prosecution to become witnesses in the very case they are trying. Additionally, Mishra's proposed defense would permit the Government to present evidence that, in **this** case, it indicted nearly **forty (40)** defendants, none of whom were related to Mishra and all but three of whom have pleaded guilty. It stands to reason that Bush would not be pleased if this were to occur.

It would be inappropriate to turn a trial of the conduct of the parties to **this** case in 2011 and 2012 into a lengthy sideshow about the decades-old conduct of people who are not before the Court. To that end, the Court is asked to preclude any Defendant from arguing or introducing evidence of selective or vindictive prosecution, including any argument or evidence that the Government ever "targeted" any Defendant or any Defendant's family for prosecution in any case.

**II. The Parties Should Be Precluded From Arguing, Mentioning, Implying, Or Adducing Evidence Regarding The Government's Charging Decisions, Including Any Other Pending Or Completed Case.**

As part and parcel of Mishra's belief that the Government is unfairly "targeting" him and his family, the Government believes that he may let it "slip" that he and Akhil Mishra are currently awaiting trial in this Court on a separate federal indictment involving the sale of drug paraphernalia, conspiracy to do the same, and (in Mishra's case) criminal contempt. See United States v. Akhil

4

Mishra, et al., W.D. Pa. Case No. 13-268. The Government respectfully requests that Defendants be ordered not to argue, mention, imply, or offer evidence regarding W.D. Pa. Case No. 13-268 or any other pending or completed case, except for the one before this jury.

The Third Circuit has upheld orders precluding defendants from referring to the charging decisions of the prosecutor. See, e.g., Dufresne, 58 F. App'x at 897 ("Criminal charges, and by implication, the lack of them, are not evidence."). Indeed, it can hardly be disputed that the Government's decisions about which crimes to charge, how to charge them, and whom to charge are "irrelevant and would only serve to confuse and mislead the jury and waste the Court's time." See, e.g., United States v. Callahan, No. 13-339, 2014 WL 535690, at *2 (N.D. Ohio Feb. 7, 2014). Accordingly, evidence of the Government's charging decisions --- including, in particular, its decision to charge Mishra in W.D. Pa. Case No. 13-268 --- is inadmissible under Rules 401 and 402 of the Federal Rules of Evidence and should not be brought to the attention of the jury in this trial in any way, shape, or form.

The Government anticipates that Mishra may argue that W.D. Pa. Case No. 13-268 is (somehow) relevant to his contention that conspiracy to distribute paraphernalia is a lesser-included offense of conspiracy to distribute heroin. The Government has dispensed with that argument already. See Doc. 266. Though Mishra later filed a lengthy Reply, see Doc. 270, he has missed the point: as United States v. Thomas, No. 02-1125, 2006 WL 1274076, at *3 (M.D. Ala. May 9, 2006) explained, drug paraphernalia as defined in 21 U.S.C. §863(d) "plainly does not include drugs themselves," which means that any drug paraphernalia prosecution "requires an element not contained" in a prosecution where drugs are the alleged contraband. See Thomas, 2006 WL 1274076, at *3 n.2.

The conspiracy the Government alleged in this case had one and only one goal: the distribution and possession with intent to distribute heroin. See Doc. 106 at 1. The Government did not and does not allege that this conspiracy was about the mere distribution of paraphernalia. Thus, under Schmuck v. United States, 489 U.S. 705, 716 (1989), conspiracy to distribute drug paraphernalia is simply not a lesser-included offense of the **charged** offense: if the jury concludes that Mishra did not conspire with Bush, Wheeler, or anyone else to distribute or possess with the intent to distribute heroin, it must acquit him entirely. See, e.g., United States v. Jangula, 735 F.3d 1054, 1057-58 (8th Cir. 2013) (upholding the district court's refusal to instruct the jury that conspiracy to possess marijuana was a lesser-included offense of conspiracy to possess it with the intent to distribute it, stating that "[t]he element differentiating the two conspiracy offenses is the object of the alleged conspiracy" and citing United States v. Gilmore, 438 F. App'x 654, 658 (10th Cir. 2011) (unpublished) for the proposition that the request would "concern[] a different, uncharged conspiracy, not a lesser included offense of the charged conspiracy.").

In sum, the Government's decisions whether, whom, and what to charge in any other case are simply not relevant to the jury's determination of any Defendant's guilt in **this** case. The Government thus asks that Defendants be ordered not to mention or offer evidence regarding W.D. Pa. Case No. 13-268 or any other pending or completed case, except for the one before this jury.

### III. The Parties Should Be Precluded From Arguing, Implying, Or Offering Evidence Regarding The Immigration Status Of Any Party, Relative Of Any Party, Or Witness.

Mishra also notified the Government within the past few days that he intends to present the entire immigration file of his mother, Rajeshwari Mishra, at his trial. This gambit appears to be part of his campaign to turn his own trial into a trial of

6

the Government's supposed animus toward his family; consequently, it should be forbidden for the reasons stated above.

Beyond grist for Mishra's claim that the Government has "targeted" his family, any evidence of Rajeshwari's immigration status --- including her deportation proceedings and ultimate removal --- is utterly irrelevant to any issue before this Court. See Fed. R. Evid. 401; see also United States v. St. Rose, No. 11-349, 2012 WL 1107659, at *1 (E.D.N.Y. Apr. 2, 2012) (noting that immigration status is irrelevant where its inclusion could encourage jury nullification and has no bearing on determination of guilt or innocence). It is, for that reason, inadmissible. See Fed. R. Evid. 402. This would be true even of a witness who actually testified before the Court. See United States v. McCalla, 821 F. Supp. 363, 370 (E.D. Pa. 1993) (granting Government's motion in limine to exclude evidence of separate deportation proceedings at a criminal trial, even though the deportation involved the defendant himself).

In sum, even if Rajeshwari were to testify --- and as of this late date, Mishra has not moved to offer her testimony under Rule 15 of the Federal Rules of Criminal Procedure --- her immigration status (or that of any other witness) would be inadmissible. The Government therefore requests that this Court enter an order forbidding any defendant from mentioning, introducing evidence of, eliciting testimony about, or in any way commenting on the immigration status of anyone, including Rajeshwari Mishra, Akhil Mishra, or Mayank Mishra.

### IV. The Parties Should Be Precluded From Arguing, Implying, Or Eliciting Testimony Regarding The Possible Penalties Of Conviction.

It is hornbook law that a jury should not concern itself with possible punishment or sentence for the offense charged during its deliberations. See Shannon v. United States, 512 U.S. 573, 579 (1994). Consistent with Shannon, the

Government seeks an order precluding any argument or evidence of the possible penalties that Defendants face if they are convicted of any charge.

Recent events give the Government strong reason to believe that Defendants, particularly Mishra, intend to encourage jury nullification by suggesting the consequences of their conviction. For instance, by introducing evidence of Rajeshwari's deportation, Mishra seems to be inviting the implication that he, too, could be deported if convicted. See, e.g., United States v. Quassani, No. 11-409, 2013 WL 2476799, at *2 (D. Nev. June 7, 2013) (granting motion in limine to preclude any mention of immigration status where it would "speak[] only to possible collateral effects following a conviction."). Of course, that implication would be misleading to the detriment of the Government: for unlike Rajeshwari, Mishra is a citizen and thus, will **not** face deportation if he is convicted.

Orders precluding defendants from making any reference to the possible penalties they face in the presence of the jury are routine in this District. See, e.g., United States v. Rodgers, No. 12-162, 2014 WL 3735585, at *3 (W.D. Pa. July 28, 2014) (citing Shannon). Of course, although the Government does not anticipate presenting the testimony of any cooperating witness, any order should permit Defendants to question any cooperating witnesses during cross-examination about the potential sentences that they may confront and any sentence reduction that may be in play for having cooperated. See Rodgers, 2014 WL 3735585, at *3. Subject to that one exception only, the Government respectfully asks that the Court enter an Order forbidding any party from arguing, mentioning, introducing any evidence about the penalties (direct or collateral) that Defendants may face if convicted.

V. **The Parties Should Be Precluded From Mentioning Or Raising Any Discovery Disputes In The Presence Of The Jury.**

Earlier this week, Mishra filed briefs in which he began accusing the Government of withholding evidence, including the notes of a February 2013

interview of Rajeshwari Mishra; in those pleadings, he even accused the Government of spiriting Rajeshwari away so that she could not testify on his behalf. See Docs. 277 and 278. These disputes are factually baseless and legally meritless for the reasons set forth in the Government's response to those pleadings. See Doc. 279. In light of Mishra's recent conduct, however, the Government has reason to believe that he will attempt to influence the verdict by manufacturing discovery disputes at trial and voicing them in the presence of the jury.

To foreclose that possibility, the Government respectfully requests that the Court enter an order precluding any party from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury. Such orders are routinely entered and would be appropriate here. See, e.g., United States v. House, No. 14-10, 2015 WL 1058019, at *2 (N.D. Ill. March 6, 2015) (citing cases for the proposition that "such conduct would be improper" and entering an order requiring that discovery disputes be raised at sidebar).

### VI. Defendants Should Be Precluded From Arguing, Suggesting, Eliciting Testimony, Or Adducing Evidence That The Chemical Diluents, Stamp Bags, And Other Materials Seized During The Government's Searches Were "Legal" To Possess Or Sell.

Apart from his attempt to distract the jury with evidence regarding his parents' criminal trials, his mother's immigration status, and the "targeting" of his family generally, the exhibits Mishra has identified in the past few days strongly suggest that he will argue that the materials that the Government seized from his home and business --- including stamp bags, diluents or "cut," and sifters --- were legal to possess or sell. Any such argument or evidence should be excluded.

Nearly a century ago, the Third Circuit recognized that a criminal conspiracy can be proven in one of two ways: it can be shown by evidence that a defendant and at least one other person achieved or attempted to achieve (1) a lawful goal by

unlawful means; or by (2) an unlawful goal by any means. See Kaufmann v. United States, 282 F. 776, 785 (3d Cir. 1922); see also Gretsch v. United States, 242 F. 897, 899 (3d Cir. 1917). The Government has chosen to allege only the **second** theory of conspiracy in the Superseding Indictment. See Doc. 106 at 1.

Had the Government alleged that Mishra sought to help others accomplish a legal goal by illegal means, the legality of his possession and sale of the stamp bags, diluents, sifters, and other materials would be relevant. But because the Government has alleged that the conspiracy had only one **unlawful** goal --- the distribution and possession with intent to distribute at least one kilogram of heroin --- the supposed legality of the materials that Mishra used to help further that goal is irrelevant under Rule 401 of the Federal Rules of Evidence, even if he could lay foundation for it (and it is unclear how he could, because to do so would require him to elicit opinions from lay witnesses about whether the materials he possessed fell within the very detailed **legal** definitions Congress set forth in 21 U.S.C. §863). Consequently, any argument, questioning, testimony, or evidence that the materials any Defendant possessed were not illegal in and of themselves is inadmissible under Rule 402; even if one could imagine some theory in which such argument or evidence might be relevant, it would be likely to confuse and mislead the jury and would be excludable under Rule 403.

For these reasons, the Government asks this Court to preclude any Defendant from arguing, suggesting, eliciting testimony, or offering any evidence that the chemical diluents, stamp bags, and other materials seized during the Government's searches were "legal" to possess or sell. Such evidence is inadmissible under Rules 401 and 402 of the Federal Rules of Evidence, and it would be unfairly prejudicial to the Government by encouraging jury nullification under Rule 403. See, e.g., United States v. MacInnes, 23 F.Supp.3d 536, 547 (E.D. Pa. 2014) (noting that Government's motion in limine to exclude irrelevant

argument and evidence had been granted to avoid the prospect of jury nullification); see also United States v. Atlantic States Cast Iron Pipe Co., 627 F. Supp.2d 180, 223 (D.N.J. 2009) (same).

### VII. To Ensure That Only Relevant Evidence Is Presented, Mishra Should Be Required To Make An Offer Of Proof Before He Calls Each Of His Witnesses.

Within the past few days, Mishra has offered a list of the witnesses he intends to call and has been gradually adding witnesses to that list. The Government is unsure who any of Mishra's proposed witnesses are, but one of them ---Tommy Chong, who may be the same person that this Office prosecuted in May 2003 for his role in an entirely separate conspiracy --- clearly has no relevant testimony to offer and, if his contemporaneous statements to the media are any indication, would appear solely to satiate his longstanding grudge against former United States Attorney Mary Beth Buchanan, who headed the office at the time of his indictment. And another witness, Barry Fox, was identified by Mishra as an "expert" on November 20, 2015: but this was nearly six months too late under the terms of the Pretrial Order and his testimony appears be wholly lacking in foundation. See Doc. 209, ¶7.

Where, as here, a party proposes to call witnesses to offer testimony of no clear relevance, it is appropriate to require that party to make an offer of proof **before** those witnesses are called, so that the Court may avoid subjecting the jury to a time-wasting boondoggle of inadmissible evidence. See, e.g., Henrik Klinge Retained Trust v. Triumph Apparel Corp., 09-1812, 2010 WL 4977052, at *3 (M.D. Pa. Dec. 2, 2010) (imposing a similar order); see also Trindle v. Sonat Marine Inc., No. 85-7085, 1990 WL 893, at *9 (E.D. Pa. Jan. 5, 1990) (same). Accordingly, the Government requests an Order requiring Mishra to make an offer

of proof of the anticipated testimony of each of the witnesses he intends to call before he calls them to the stand.[1]

### VIII. The Government Requests An Order Prohibiting Any Party From Defining "Reasonable Doubt" To The Jury.

The Court doubtless will use some version of the Third Circuit Model Criminal Jury Instruction 3.06 to define "reasonable doubt" for the jury. This is more than sufficient to ensure a verdict under the proper standard of proof. Accordingly, the Government asks that this Court forbid the parties from defining "reasonable doubt" to the jury in their arguments. Other courts have deemed similar orders appropriate and have entered them on that basis. See, e.g., United States v. Brown, No. 08-1009, 2011 WL 43038, at *15 (N.D. Ill. Jan. 6, 2011).

### CONCLUSION

The Government respectfully requests that this Court enter an Order consistent with the foregoing. A proposed order will be filed separately herewith.

    Respectfully submitted,

    DAVID J. HICKTON
    United States Attorney

    s/ Donovan Cocas
    DONOVAN COCAS
    Assistant U.S. Attorney
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    Phone: (412) 894-7389
    Email: donovan.cocas@usdoj.gov

Date: November 27, 2015

---

[1] The Government does not seek such an order regarding Richard Bush because, to date, he has no identified any witnesses that he intends to call. If Bush files a witness list belatedly, however, the Government reserves the right to seek a similar order respecting his witnesses also, if the basis for their percipient knowledge of the matters alleged in the Superseding Indictment is unclear.