IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | 2:12-CR-00092-CB-2 |
| § | | |
| vs. § | | |
| § | | |
| MAYANK MISHRA § | | HON. CATHY BISSOON |

**MAYANK MISHRA'S MOTION TO EXCLUDE EVIDENCE RELATING TO ALLEGED ADULTERANTS AND DILUANTS ALLEGEDLY SEIZED FROM *ROCK AMERICA* AND THE MIDDLE ROAD RESIDENCE AND MOTION TO EXCLUDE GOVERNMENT'S OPENING ARGUMENT POWERPOINT SLIDES RELATED TO SUCH EVIDENCE**

TO THE HONORABLE CATHY BISSOON:

Defendant Mishra moved the Court at the close of day one of trial to order the slides depicting alleged controlled substances and alleged adulterants and dilutants from its proposed power point because the no predicate has been established pursuant to Rule 702, 705, and *Daubert*.

The government proffered that it had a good faith belief that it would comply with those rules, and that the predicate for admissibility would be established. The government proffered that chemist Tara Rossy would provide the predicate for admission.

1

The government could not reasonably harbor such a belief in good faith, because the government does not have the witness that actually tested the substances available or listed.

In truth and in fact, Chemist Tara Rossy cannot provide the testimony the government said she could. She was not the chemist that tested the alleged adulterants and diluants allegedly recovered from these locations. The witness who actually tested the substances seized from *Rock America* and from Middle Road was Jennifer Skuches. On October 29, 2015, the government informed the defense that Skuches was unavailable because she had a sick child. On October 29, 2015, the defense declined to stipulate to Skuches' reports.

After the government made its proffer, the defense wanted to make doubly sure that Skuches was not scheduled to testify and that Rossy had not retested the substances before asserting that the government's proffer was not accurate. Skuches is not on the government's witness list. No reports of retesting have been provided to the defense, by Rossy or any other witness. The absence of Skuches from the government's witness list confirms that she remains unavailable.

The government reasonably ought to know that

*Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011), *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009) preclude introduction of results or reports of lab tests establishing the identity of the substances seized from *Rock America* and Middle Road over defense confrontation objections. Even were the issue to be viewed as arguable, the government would not be warranted in its confident assertion of a clear good faith basis of admissibility. Counsel told the government that he would assert confrontation objections should the government attempt to introduce the results of Skuches' tests without providing an opportunity for the defense to confront Skuches.

> As, *e.g., Davis v. Washington,* 547 U.S. 813, 826, 126 S.Ct. 2266, 165 L.Ed.2d 224, makes plain, however, such testimony would violate the Confrontation Clause. The comparative reliability of an analyst's testimonial report does not dispense with the Clause. *Crawford,* 541 U.S., at 62, 124 S.Ct. 1354. The analysts who write reports introduced as evidence must be made available for confrontation even if they have "the scientific acumen of Mme. Curie and the veracity of Mother Teresa." *Melendez–Diaz,* 557 U.S., at ––––, n. 6, 129 S.Ct. 2527. Pp. 2714 – 2715.

<u>Bullcoming v. New Mexico</u>, 131 S. Ct. 2705, 2708, 180 L. Ed. 2d 610 (2011).

That is hornbook law.

Absent testimony from, and confrontation of, the chemist who actually tested the substances seized from *Rock America* or Middle Road, no

3

evidence regarding the substance's identity is admissible. Likewise, labels from the bottles are inadmissible to prove the content of the bottles because they are hearsay.

Trial is the time to admit and publish evidence. Defendant's contemporaneous objections at trial are sufficient to preserve the error. The government may not introduce through an opening argument –a *power point* that which it would not have a clear right to present at trial. The Court should exclude all evidence of adulterants and diluants seized from Rock America and Middle Road.

Rule 104 provides that preliminary questions of admissibility are to be addressed outside of the jury's presence. Inadmissible evidence should not be shown to the jury during opening arguments because the unfairly prejudicial impact cannot be undone.

Accordingly, Defendant moves to exclude all evidence, testimony, recordings, intercepted calls, photos, *power points*, and any other evidence relative to the alleged adulterants and diluants.

Additionally, Defendant further moves for an *in limine* order precluding the government from mentioning or alluding to the above-described evidence.

Respectfully Submitted,

 /S/ Norman Silverman
Norman Silverman
917 Franklin, 4th Floor
Houston, TX  77002
(713) 526-1515
(713) 526-1798 Fax
Lawyernorm@msn.com
Texas Bar # 00792207
Appearing Pro Hac Vice through Local Counsel:

Sally Frick
437 Grant St.
1601 Frick Building
Pittsburgh, PA  15219
(412) 261-3340
Fax (412) 261-9211
safattyusa@netscape.net

## Certificate of Service

On December 1, 2015, this Motion was electronically file via the ECF system. A copy was contemporaneously forwarded to the government via the ECF system.

 /S/ Norman Silverman
Norman Silverman
Attorney for Mayank Mishra

,

5