IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA,
PITTSBURGH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | 2:12-CR-92-CB |
| MAYANK MISHRA | § § | |

## OBJECTION TO REVOCATION OF PRO HAC VICE STATUS

The defendant, Mayank Mishra, through his counsel respectfully objects to the Court's order to revoke Norm Silverman's Pro Hac Vice Status. In support of this objection the defendant submits as follows:

Mr. Mishra hired Norm Silverman as counsel in this case. Norm Silverman was then and remains now Mr. Mishra's counsel of choice. Mishra objects to the removal of his counsel of choice for the following reasons:

1. The Court's order not to state that Mr. Mishra's sale of stamp bags was lawful has not been violated.

Both Norm and Daphne Silverman understood that the Court ordered that the witnesses could not testify that it is lawful to sell stamp bags. Both counsel understood that the Court's ruling was based upon the belief that asserting that the sale is lawful is a legal conclusion and the jury gets to make the legal conclusion after hearing all of the facts from the witnesses and the law as instructed by the Court.
Both counsel also believed that the witnesses would be able to testify regarding the facts that might then lead the jury to conclude that Mr. Mishra's conduct was lawful. Those facts would include alternate uses of the items in question. This is not the same as testifying to the jury's legal conclusion. The Defendant is entitled to offer the alternate explanations of innocent. *Southern Home Care Services, Inc. v. Visiting Nurse Services, Inc. of Southern Connecticut*, 2015 WL 4509425 (USDC Conn. 2015). Mr. Mishra's intent in selling these items is the only issue; and therefore, the presentation of the alternate explanations of innocence related to the conduct are critical evidence of Mr. Mishra's intent.
Counsel also consulted with other experienced counsel to make sure that Counsel understood the basis for the Court's ruling and the questions that were likely covered by the ruling. Rather that intentionally disobeying the Court's ruling, counsel has researched the ruling through Westlaw and consultation in order to attempt to make sure that counsel complied with the ruling.

2. Daphne Silverman cannot take over and provide effective assistance of counsel.

Daphne Silverman has been serving as second chair in this matter. In that capacity, she has gathered the materials for trial and organized the materials for trial. In this process, she participated in the examination of the physical evidence. She has further assisted by seeking witnesses to testify for the defense. However, she has not read all of the materials. There are 1000s of pages of materials. Mr. Silverman, lead counsel, has read all of the materials and has prepared for cross examination of the government witnesses. It would be impossible for Daphne Silverman to read all of the materials at this stage. As a result, she is not at all prepared to take over the defense of Mr. Mishra. I would not be able to provide effective assistance of counsel.

In addition, Daphne Silverman is not in sufficiently strong medical condition to effectively take over a defense of this magnitude in the middle of trial. As the Court knows, Daphne Silverman just experienced a difficult stage of menopause that resulted in a significant loss of blood that has weakened her such that it would be difficult for her to take over.

Counsel believe that we are in the position of being forced to defend ourselves and cannot effectively defend our client. U. S. V. Greig, 967 F. 2d 1018 (5th cir. 1992)

Respectfully Submitted,

 /S/ Norman Silverman
Norman Silverman
917 Franklin, 4th Floor
Houston, TX  77002
(713) 526-1515
(713) 526-1798 Fax
Lawyernorm@msn.com
Texas Bar # 00792207
Appearing Pro Hac Vice through Local Counsel:

Sally Frick
437 Grant St.
1601 Frick Building
Pittsburgh, PA  15219
(412) 261-3340
Fax (412) 261-9211
safattyusa@netscape.net

## Certificate of Service

      On December 7, 2015 this objection was electronically file via the ECF system. A copy was contemporaneously forwarded to the government via the ECF system.

                                              <u>/S/ Norman Silverman</u>
                                              Norman Silverman
                                              Attorney for Mayank Mishra