IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-92 |
| | ) | |
| MAYANK MISHRA. | ) | Hon. Cathy Bissoon |

**GOVERNMENT'S MOTION TO REVOKE PRO HAC VICE STATUS OF
CO-COUNSEL FOR DEFENDANT MAYANK MISHRA
<u>NORMAN SILVERMAN, ESQ.</u>**

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Donovan Cocas, Assistant United States Attorney for said district, and respectfully files this written Motion to Revoke the Pro Hac Vice Status of Norman Silverman, Esq., co-counsel for Defendant Mayank Mishra.

Defendant Mayank Mishra is currently represented by three attorneys: Sally Frick, Esq., Daphne Silverman, Esq., Norman Silverman, Esq.  The latter two attorneys, who practice in the State of Texas and are not members of the Pennsylvania Bar or of the Bar of this Court, appear pro hac vice in this case by leave of the Court.

As this Court knows, Norman Silverman (hereinafter, "Silverman") has violated this Court's orders inveterately throughout the litigation.  Before trial, for instance, he refused to participate with the Government and with counsel for Defendants Richard Bush and Willis Wheeler in the meet-and-confer process for drafting jury instructions.  This refusal was remarkable because, although Wheeler's counsel had only a few months to live, even **he** participated in the process.  Silverman violated too many of this Court's orders to count throughout

the litigation, even up until the eve of trial, when he belatedly (by approximately 6 months) disclosed expert witnesses he intended to call.   Silverman's obstinate refusal to mark the exhibits he intended to use at trial, even after several admonitions on this subject by the Court, has caused inordinate delay and has prejudiced the Government.

In addition, in the runup to trial, Silverman filed a slew of motions whose sole purpose appeared to be the delay of this trial.   For example, even though Silverman had interviewed Rajeshwari Mishra several times before her deportation and even though he knew she was in fact in deportation proceedings, he waited to tell the Government that he wanted to call her as a witness until **after** she had been deported.   Instead, Silverman waited until November 11, 2015 to file a motion to parole her into the country, even though he had not even attempted to initiate the administrative process required for this to occur.   When the Court denied that motion, Silverman moved for a continuance and a severance of his trial from that of Defendant Bush, even though the Court already had denied his motion for a severance when he filed it back in 2014 and even though the Court already had made clear to Silverman that the trial would go forward as scheduled on December 1, 2015.

In the barrage of meritless and even frivolous pleadings that Silverman filed on Mishra's behalf in November 2015, he divulged that his strategy at trial would include (1) arguing that the Government had been persecuting the Mishra family for years; (2) suggesting that this persecution had caused the Government to deport Rajeshwari Mishra; and (3) arguing that he should be acquitted of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin because the packaging and cutting agents he sold to Defendant Bush were in and of themselves legal to possess.   In an effort to prevent the jury from hearing such irrelevant and unfairly prejudicial testimony, the Government filed a Notice of

2

Evidentiary Issues (Doc. 285) in which it outlined eight (8) areas which would be precluded at trial.  At the pretrial conference on December 1, 2015, after giving both Defendants an opportunity to be heard, the Court entered an order (hereinafter, the "Order") granting the relief sought in Document 285.  No counsel for any Defendant has moved for reconsideration of that Order, and it remains in place.

Since the very beginning of the trial, however, Silverman has violated the Court's Order too many times to count.  In his opening statement, for instance, Silverman violated the Order twice.  He was admonished after his first several violations but, by Friday, December 4, 2015, it became clear that Silverman had no intention of abiding by the Order: so on that date, monetary sanctions were imposed on Silverman on two separate occasions, although more sanctions certainly could have been.  To date, Silverman willfully has ventured into **seven (7)** of the eight areas precluded by the Order, sometimes more than once.  During cross-examination of Detective Richard Ian Barrett on the morning of December 7, 2015, Silverman again violated the Order at least twice, and perhaps as often as five different times.

In addition, Silverman has demonstrated blatant disrespect for the Court itself.  On one occasion during the week of December 1, 2015, for instance, he attempted to commandeer the court reporter for his own purposes after the Court clearly stated several times that a sidebar was finished.  On another occasion that same week, Silverman misrepresented the comments of a Government technology staffer in a clear attempt to gin up grounds for a mistrial.  Repeatedly, Silverman has continued to argue with the Court even after she has announced her rulings, thereby wasting the time of the Court, the parties, and the jury.

It has now become apparent that Silverman is attempting to accomplish what he could not accomplish with his motions for a continuance and/or a severance: he

is attempting, by whatever means available to him, to create a situation in which Mishra will get a second trial without Bush by his side, either by forcing a mistrial or by developing a record of his own ineffectiveness.

"Revocation of pro hac vice admission is a recognized sanction for violation of court orders or disciplinary rules." In re Passaic Healthcare Services, LLC, 2015 WL 5895514, at *4 (Bkrtcy. D.N.J., 2015) (citing inter alia Johnson v. Trueblood, 629 F.2d 302, 304 (3d Cir. 1980)).   A demonstrated lack of professionalism and sharp tactics justify that decision.   See United States v. Gibson, 751 F.Supp. 209, 210 (D.D.C. 1990).   "[E]rosion of public confidence in the integrity of the bar and of the legal system" also may justify disqualification of defendant's chosen counsel.   United States v. Collins, 920 F.2d 619, 627 (10th Cir. 1990).

The Court is aware that revocation cannot occur without notice and a sufficient opportunity to be heard and address issues.   See Martens v. Thomann, 273 F.3d 159, 175 (2d Cir. 2001).   Procedural due process principles apply.   Cole v. U.S. Dist. Ct. for Dist. of Idaho, 366 F.3d 813, 822-23 (9th Cir. 2004); see generally United States v. Tillman, 756 F.3d 1144 (9th Cir. 2014).   In determining whether to revoke counsel's pro hac vice status based on one or more of the aforementioned grounds, the Court will evaluate the issue the same way it would evaluate the contemplated disqualification of a regular member of the Court's bar. See Collins, 920 F.2d at 627.

Silverman has been given notice and an opportunity to be heard.   In fact, Government counsel first raised the possibility of revoking Silverman's pro hac vice status at a sidebar on December 4, 2015.   Silverman's response has been to deny any intention of violating this Court's orders.   After so many flagrant and obviously willful violations of this Court's Order as well as of the Pretrial Order and the most basic rules of court, and in light of Silverman's assertion that he has

practiced law for 20 years, the Court does not believe his assertion that his violations have been accidental. In fact, and as the Court stated after Silverman disregarded this Court's clear statement that a sidebar was finished and attempted to hijack the court reporter for his own purposes, in the 20 years the undersigned judge has practiced in this District --- first as a law clerk, then as an attorney, then as a Magistrate Judge, and now as a District Judge --- the undersigned has never seen such disrespect, ever, shown to a member of the bench. Silverman is, quite simply, either totally incapable of controlling his behavior or is utterly unwilling to follow this Court's orders. The Court would not tolerate such disrespect and sharp practice from a member of this Court's bar. It will not tolerate it from Silverman, either.

Though the Court acknowledges that the revocation of Silverman's permission to practice before it impacts Mishra's right to be represented by the counsel of his choice, the Court observes that the remaining two attorneys --- Daphne Silverman, Esq., and Sally Frick, Esq., also chosen by Mishra --- can perform competently in Silverman's place and with far less disruption to the proceedings than the Court has experienced thus far. At the same time, the Court must consider the prejudice that Silverman's antics could cause Defendant Bush, who has been capably represented by Alonzo Burney, Esq. Though the Court finds that no such prejudice has occurred so far, it cannot help but observe that Silverman's unpredictable behavior eventually may bleed over and affect the jury's perception of Bush.

Reluctantly, and upon good cause shown, and based on the Court's own perceptions of these proceedings, the pro hac vice status of Norman Silverman is hereby REVOKED. The trial will continue with Defendant Mishra represented by Daphne Silverman, Esq. (who has been on the case as long and Silverman), and with local counsel Sally Frick, Esq. without interruption because an order revoking

pro hac vice status is not appealable interlocutorily. See United States v. Dickstein, 971 F.2d 446, 448 (10th Cir. 1992). The Court also finds that the revocation of Silverman's to practice pro hac vice is the least intrusive sanction required to maintain the integrity of the judicial system and that, in this instance, the societal need for ethical practice outweighs Mishra's right to have this attorney represent him. See United States v. Nolen, 523 F.3d 331, 332 (5th Cir. 2008) (discussing the balancing test).

## CONCLUSION

The Government respectfully requests that this Court enter an Order consistent with the foregoing. A proposed order will be filed separately herewith.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

s/ Donovan Cocas
DONOVAN COCAS
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Phone: (412) 894-7389
Email: donovan.cocas@usdoj.gov

Date: December 7, 2015