IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | 2:12-CR-00092-CB-2 |
| | § | |
| vs. | § | |
| | § | |
| MAYANK MISHRA | § | HON. CATHY BISSOON |

MAYANK MISHRA'S MOTION TO DISMISS INDICTMENT
OBTAINED BY PERJURY OF FBI AGENT DAVID HEDGES, AND
PROSECUTORIAL MISCONDUCT OF AUSA BRENDON CONWAY

TO THE HONORABLE CATHY BISSOON:

Defendant Mishra moves the Court to dismiss the indictment because it was obtained through the perjury of FBI Agent David Hedges. Specifically, the record of Hedges' March 26, 2013 testimony states:

A GRAND JUROR: Mishra's business and the money, is there any chance that that money came from legitimate business sources, or anything?

THE WITNESS (FBI AGENT DAVID HEDGES): Actually, we also seized his financial records, he calculated -- we calculated he makes

1

$250 profit a month, so it would take him over 300 years to make that kind of money.[1]

At trial, Hedges testified that this was a figure provided to him by DEA Contract forfeiture analyst Michael Soohy. Soohy testified that he consulted with Hedges regarding Mishra's profit. Soohy directly denied telling Hedges that Mishra's profit was $250 a month. Rather, Soohy testified that Mishra reported $30,000.00 per quarter in taxable sales.

AUSA Brendon Conway was the prosecutor who elicited this response from the witness Hedges. Conway failed to correct the false testimony before the grand jury.[2] Conway used Hedges' false testimony to procure the present indictment.

*Bank of Nova Scotia v. U.S.*, 487 U.S. 250 (1988) requires proof of prejudice to warrant dismissal of an indictment obtained via perjured testimony. Prejudice has been sufficiently demonstrated on the record before this Court. The grand juror sought to learn the very exculpatory facts the defense has relied upon throughout trial. The false testimony was the last item of testimony that preceded return of the indictment.

---

[1] The page containing this grand juror's question and Hedges' response (P. 17 March 26, 2013 Grand Jury Transcript, attached hereto as an exhibit) was not included in the government's original turnover of Jenks Act Material. It was only provided when the defense specifically requested the missing page during trial. This question and answer was the last exchange prior to the grand jury voting to indict.
[2] Likewise no pretrial *Brady* disclosure was made.

The Court should dismiss the indictment.

                                  Respectfully Submitted,

                                  /S/ Norman Silverman
                                  Norman Silverman
                                  917 Franklin, 4th Floor
                                  Houston, TX  77002
                                  (713) 526-1515
                                  (713) 526-1798 Fax
                                  Lawyernorm@msn.com
                                  Texas Bar # 00792207
Appearing Pro Hac Vice through Local Counsel:

                                  Sally Frick
                                  437 Grant St.
                                  1601 Frick Building
                                  Pittsburgh, PA  15219
                                  (412) 261-3340
                                  Fax (412) 261-9211
                                  safattyusa@netscape.net

## Certificate of Service

On December 16, 2015, this Motion was electronically file via the ECF system. A copy was contemporaneously forwarded to the government via the ECF system.

                                /S/ Norman Silverman
                                Norman Silverman
                                Attorney for Mayank Mishra

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | 2:12-CR-00092-CB-2 |
| | § | |
| vs. | § | |
| | § | |
| MAYANK MISHRA | § | HON. CATHY BISSOON |

MAYANK MISHRA'S MOTION TO DISMISS INDICTMENT
OBTAINED BY PERJURY OF FBI AGENT DAVID HEDGES, AND
PROSECUTORIAL MISCONDUCT OF AUSA BRENDON CONWAY

Upon due consideration, the foregoing motion is GRANTED/DENIED,

AND IT IS SO ORDERED.

_____
Honorable Cathy Bissoon, Date

,