IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, : Case No. 2:12-cr-00092
 :
   v. :
 : Order of Contempt against
 : Attorney Daphne Silverman
RICHARD BUSH and : re: Criminal Action no. 12-92
MAYANK MISHRA :
 :
 : HONORABLE JUDGE CATHY BISSOON
 :
 :
 :
 :
 :
 :
 : Type of Pleading:
 :
 : **MOTION TO DISMISS**
 : **JUDGMENT OF CONTEMPT**
 :
 :
 : Filed on Behalf of:
 :
 : RESPONDENT ATTORNEY
 : DAPHNE SILVERMAN
 :
 :
 : Counsel of Record for Respondent:
 :
 : JOSEPH VICTOR CHARLTON
 : Pa. Supreme Court Id. No. 200429
 :
 : CHARLTON & CHARLTON
 : 617 South Pike Road
 : Sarver, PA 16055
 : Phone: 724.540.1161
 : Fax: 724.540.1164
 : Email: joe@charltonlawyers.com
 :

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:12-cr-00092 |
| | : | |
| v. | : | |
| | : | Order of Contempt against |
| | : | Attorney Daphne Silverman |
| RICHARD BUSH and | : | re: Criminal Action no. 12-92 |
| MAYANK MISHRA | : | |
| | : | |
| DEFENDANTS. | : | HONORABLE JUDGE CATHY BISSOON |

## MOTION TO DISMISS JUDGMENT
## OF CONTEMPT

AND NOW, comes Attorney Daphne Silverman, by and through her attorneys, Joseph V. Charlton, Esquire and CHARLTON & CHARLTON who file on her behalf this Motion to Dismiss Judgment of Contempt and in support thereof aver the following:

1.      On or about December 1, 2015 through December 18, 2015, Respondent, Attorney Daphne Silverman (hereinafter "Ms. Silverman") represented, as co-counsel, Defendant Mayank Mishra (hereinafter "Mishra") in a jury trial held in front of this Honorable Court.

2.      On or about December 16, 2015 during the course of the jury trial, Ms. Silverman asked a question of Defendant Mishra[1] as follows: "*What about your parents' past cause you to have greater concern –* ".  The question was immediately objected to by the Assistant U.S. Attorney, Brendan Conway. The objection was sustained and no answer was given by Defendant Mishra.  (TT. Pg. 157, lns. 8-11, December 16, 2015).

3.      The above question was the only question posed by Ms. Silverman which was the subject of any contempt order (February 9, 2016) by the Court.

---

[1] Roughly 2:34:54 p.m.

4.      Later, in the courtroom with Counsel and the Defendant present (and out of the presence of the jury), AUSA Conway raised Ms. Silverman's question of Defendant Mishra and argued that it was a violation of the Court's Order.  (TT. Pg. 94, lns. 20-24, December 16, 2015).

5.      The Court agreed with AUSA Conway and imposed "*a thousand dollars, contempt*."  ***Id.***

6.      The Court did not afford Ms. Silverman an opportunity to respond to the order of contempt, nor did the Court provide the opportunity for allocution by Ms. Silverman.

7.      After the conclusion of trial, on or about February 9, 2016, approximately 55 days after Ms. Silverman's question of Defendant Mishra, the Court entered an Order finding Ms. Silverman in contempt and ordered payment of one thousand dollars ($1,000).  In this Order the Court detailed the contemptuous conduct of Ms. Silverman and delineated its reasons for making the finding.

8.      The Order did not afford Ms. Silverman the opportunity to respond to the Order of contempt, nor did the Order set a hearing on the matter.

9.      On or about March 15, 2016, AUSA Conway filed a Motion for Order to Show Cause why the Court should not hold Norman Silverman and Daphne Silverman in contempt of the Court's Contempt Order of February 9, 2016.

10.      At the time the February 9, 2016 Order was issued and listed on the Court's ECF system, Ms. Silverman was preparing for trial and pretrial conference in a large case in Houston, Texas captioned United States v Leonard Kibert at 4:14-cr-00204 (United States District Court – Southern District of Texas).  February 10 was a travel day for Ms. Silverman and a pretrial conference in the Kibert case was scheduled for February 11, 2016.  Thus, February 9, 2016 was her final day of preparation for the scheduled pretrial conference and trial.  On February 9, 2016

and thereafter Ms. Silverman was finalizing and reviewing investigations, lining up witnesses and preparing testimony, argument and *voir dire* among other trial preparation items.  The Kibert investigation took place in Texas, Arizona and California and involved numerous investigators and was taking up an inordinate amount of her time.

11.     Ms. Silverman did not see and/or respond to the February 9, 2016 Order at that time.  Since that time, due to the criminal nature of the contempt sanctions Ms. Silverman has sought advice and counsel on the matter and has since retained the undersigned counsel.

12.     On Monday, April 25, 2016 undersigned counsel entered his appearance.

13.     Criminal contempt is a crime in the ordinary sense and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings.  ***International Union, United Mine Workers of America v. Bagwell***, 512 U.S. 821, 826 (1994) (internal citations omitted).

14.     A flat, unconditional fine totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has not subsequent opportunity to reduce or avoid the fine through compliance.  ***Id.*** at 829.

15.     Summary adjudication becomes less justifiable once a court leaves the realm of immediately sanctioned, petty direct contempts.  If a court delays punishing a direct contempt until the completion of trial, for example, due process requires that the contemnor's rights to notice and a hearing be respected.  ***Id.*** at 832.  See also, ***Taylor v. Hayes***, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).

16.     In the instant case, Ms. Silverman's question was objected to at the time she posed it to Defendant Mishra (roughly 2:34:54 p.m.), but contempt and violation of the court's order was not raised at that time, but rather, later in the proceedings.

17.    AUSA Conway, raised the issue of the violation of the Court's order after the testimony of Defendant Mishra and the Court did not enter an Order on the contempt until February 9, 2016, long after the conclusion of the trial of Defendant Mishra.

18.    Here, the record establishes that the contemnor, Daphne Silverman, was not given notice nor a hearing as due process requires, in violation of the ***U.S. Constitution***, ***International Union, United Mine Workers of America v. Bagwell***, 512 U.S. 821, 826 (1994) and ***Taylor v. Hayes***, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).

19.    In ***Taylor v. Hayes, supra***, the Court wrote " . . .We have stated time and time again that reasonable notice of a charge and an opportunity to be heard in defense of punishment imposed are 'basic in our system of jurisprudence."  (Internal citations omitted).  Even where summary punishment for contempt is imposed during trial, 'the contemnor has normally been given an opportunity to speak in his own behalf in the nature of a right of allocution …' *citing* ***Groppi v. Leslie***, supra, 404, 92 S.Ct. at 587."

20.    Additionally, Rule 42(b) of the Federal Rules of Criminal Procedure states:

> Rule 42.  Criminal Contempt.
> (a) . . .
> (b)  Summary Disposition.
>      Notwithstanding any other provision of these rules, the court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies; . . .  The contempt order must recite the facts, be signed by the judge and be filed with clerk.

21.     Here, the Court simply found the conduct alleged against Respondent Daphne Silverman contemptuous and levied a one thousand dollar fine upon her.  (See TT. Pg. 94, lns. 20-24, December 16, 2015).  The Court did not comply with the requirements of Rule 42(b) and accordingly, the judgment of contempt must be set aside for non-compliance and the violation of Ms. Silverman's due process rights.

22.     As such, Counsel moves your Honorable Court to set aside the judgment of contempt for this Respondent in that, the due process rights of Ms. Silverman have been violated and the strictures of Rule 42(b) were not followed.

WHEREFORE, for all of the reasons set forth above it is respectfully requested that the Court dismiss, vacate and set aside the Contempt Order against Respondent Attorney Daphne Silverman.

Respectfully Submitted,

/s/ Joseph V. Charlton

_____
JOSEPH V. CHARLTON, ESQ.
Pa. Supreme Court Id. No. 200429

May 2, 2016

CHARLTON & CHARLTON
617 South Pike Road
Sarver, Pennsylvania 16055
Phone:  724.540.1161
Fax:    724.540.1164
Email:  joe@charltonlawyers.com