IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:12-cr-00092 |
| | : | |
| v. | : | |
| | : | Order of Contempt against |
| | : | Attorney Daphne Silverman |
| RICHARD BUSH and | : | re: Criminal Action no. 12-92 |
| MAYANK MISHRA | : | |
| | : | |
| | : | HONORABLE JUDGE CATHY BISSOON |
| | : | |
| | : | Type of Pleading: |
| | : | |
| | : | **RESPONSE TO GOVERNMENT MOTION FOR RULE TO SHOW CAUSE** |
| | : | |
| | : | Filed on Behalf of: |
| | : | |
| | : | RESPONDENT ATTORNEY DAPHNE SILVERMAN |
| | : | |
| | : | Counsel of Record for Respondent: |
| | : | |
| | : | JOSEPH VICTOR CHARLTON |
| | : | Pa. Supreme Court Id. No. 200429 |
| | : | |
| | : | CHARLTON & CHARLTON |
| | : | 617 South Pike Road |
| | : | Sarver, PA 16055 |
| | : | Phone: 724.540.1161 |
| | : | Fax:    724.540.1164 |
| | : | Email: joe@charltonlawyers.com |

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:12-cr-00092 |
| | : | |
| v. | : | |
| | : | Order of Contempt against |
| | : | Attorney Daphne Silverman |
| RICHARD BUSH and | : | re: Criminal Action no. 12-92 |
| MAYANK MISHRA | : | |
| | : | |
| DEFENDANTS. | : | HONORABLE JUDGE CATHY BISSOON |

**RESPONSE TO GOVERNMENT MOTION
FOR RULE TO SHOW CAUSE**

AND NOW, comes Attorney Daphne Silverman, by and through her attorneys, Joseph V. Charlton, Esquire and CHARLTON & CHARLTON who file on her behalf this Response to Government Motion For Rule To Show Cause and in support thereof aver the following:

1. On or about December 1, 2015 through December 18, 2015, Respondent, Attorney Daphne Silverman (hereinafter "Ms. Silverman") represented, as co-counsel, Defendant Mayank Mishra (hereinafter "Mishra") in a jury trial held in front of this Honorable Court.

2. During the course of the jury trial, on December 16, 2015, Ms. Silverman asked a question of her client, Defendant Mishra as follows: "*What about your parents' past cause you to have greater concern –*". The question was immediately objected to by the Assistant U.S. Attorney, Brendan Conway. The objection was sustained and no answer was given by Defendant Mishra. (TT. Pg. 157, lns. 8-11, December 16, 2015).

3. Later in the proceedings, after the Defendant finished testifying, in the Courtroom with Counsel and the Defendant present (and out of the presence of the jury), AUSA

Conway raised Ms. Silverman's question of Defendant Mishra and argued that it was a violation of a prior Court Order.  (TT. Pg. 94, lns. 20-24, December 16, 2015).

4. The Court agreed with AUSA Conway and imposed "a thousand dollars, contempt."  *Id.*

5. On or about February 9, 2016, approximately 55 days after Ms. Silverman's question of Defendant Mishra and well after the conclusion of trial, the Court entered a contempt Order on ECF finding Ms. Silverman in contempt and ordered payment of one thousand dollars ($1,000).

6. While the February 9th Order was entered on ECF, Ms. Silverman did not see the entry due to her preparation for trial and pretrial conference in a large case in Houston, Texas captioned United States v. Leonard Kibert at 4:14-cr-00204 (United States District Court – Southern District of Texas).  February 10 was a travel day for Ms. Silverman and a pretrial conference in the Kibert case was scheduled for February 11, 2016.  Thus, February 9, 2016 was her final day of preparation for the scheduled pretrial conference and trial.  On February 9, 2016 and thereafter Ms. Silverman was finalizing and reviewing investigations, lining up witnesses and preparing testimony, argument and *voir dire* among other trial preparation items.  The Kibert investigation took place in Texas, Arizona and California and involved numerous investigators and was taking up an inordinate amount of her time.

7. No response to the February 9, 2016 Order being filed on behalf of either of the Respondents, on or about March 15, 2016, AUSA Conway filed a Motion for Order to Show Cause why the Court should not hold Daphne Silverman (and Norman Silverman) in contempt of the Court's Contempt Order of February 9, 2016.

8. As such, upon noticing the ECF Order and the Government's Motion for Order to Show Cause, due to the criminal nature of the contempt sanctions Ms. Silverman has sought advice and counsel on the matter and has since retained the undersigned counsel.

9. Undersigned counsel requested an extension of time to respond to this situation and the Court has issued an Order requiring a Response to the Motion For Order To Show Cause on or before May 2, 2016.

10. Filed contemporaneously with this Response, Respondent Daphne Silverman has filed a Motion To Dismiss Judgment of Contempt in which she raises arguments of due process as well as violation of Rule 42(b) of the Federal Rules of Criminal Procedure.

11. The remedy sought for those violations is dismissal of the judgment of contempt and accordingly, the Government's Motion For Rule To Show Cause is moot and a nullity and requires no further response.

WHEREFORE, for all of the reasons set forth above counsel respectfully requests that the Court dismiss the Government's Rule To Show Cause.

Respectfully submitted,

/s/ Joseph V. Charlton
_____
JOSEPH V. CHARLTON, ESQUIRE
Pa. Supreme Court Id. No.: 200429

May 2, 2016

CHARLTON & CHARLTON
617 South Pike Road
Sarver, Pennsylvania 16055
Phone: 724.540.1161
Fax:    724.540.1164 facsimile
Email: joe@charltonlawyers.com