IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 12-92 |
| | ) | |
| MAYANK MISHRA, | ) | Judge Cathy Bissoon |
| | ) | |

## ORDER

For the reasons that follow, Daphne and Norman Silvermans' Motions to Dismiss the Judgment of Contempt (Docs. 456 and 458) are DENIED. Additionally, the Court hereby REVOKES the pro hac vice admissions of Daphne and Norman Silverman.

On February 9, 2016, the Court, pursuant to 18 U.S.C. § 401, issued a Contempt Order against Daphne and Norman Silverman (the "Respondents") imposing monetary sanctions for inappropriate and disruptive behavior exhibited during the December 2015 trial of Richard Bush and Mayank Mishra. (Doc. 342). On March 15, 2016, after learning that the Respondents did not comply with the terms of the Contempt Order, the Government filed a Motion for an Order to Show Cause (the Government's "Show Cause Motion") as to why the Respondents should not be held in contempt of the Order itself, and additionally reinstated a prior request that the Court revoke the Respondents' pro hac vice admissions. (Doc. 364). The Court ordered a response (Doc. 365) and after granting an extension of time in which to answer, the Respondents filed nearly identical Responses (Docs. 557 and 560) and Motions to Dismiss. The Court ordered a response from the Government (Doc. 461), which it filed on May 6, 2016. (Doc. 469).

As the Government highlights in its most recent filing, the Court need not address the merits of the Respondents arguments in their Motions because this Court no longer retains jurisdiction over the Contempt Order. A contempt order is immediately appealable, and indeed must be appealed within fourteen (14) days from the date it was entered on the docket. See Com. of Pa. v. Local Union 542, Intern. Union of Operating Engineers, 552 F.2d 498, 501 (3d Cir. 1977); see also Fed. R. App. P. Rule 4(b). As this Court's Contempt Order was entered on February 9, 2016, the deadline to notice any appeal was February 23, 2016. No appeal, or motion for extension of time to file an appeal, was received by the Court prior to that February 23, 2016, deadline or even before March 24, 2016, the deadline for this Court to grant an extension request. See Fed. R. App. P. Rule 4(b)(4).

The failure of Respondents to timely notice an appeal prevents this Court from reconsidering or dismissing its Contempt Order, as the Court lacks the requisite subject matter jurisdiction. Therefore, Respondents' Motions to Dismiss are DENIED and Respondents are again ORDERED to comply immediately with the terms of the Contempt Order.

In its Show Cause Motion, and again in its most recent filing, the Government renews its request that the Court revoke Respondents' pro hac vice admissions. (See Docs. 364 and 469). As the Court previously noted in its December 8, 2015 Order (Doc. 309) analyzing the Government's first Motion to Revoke Mr. Silverman's pro hac vice status:

> "Revocation of an attorney's *pro hac vice* status is a recognized sanction for violation of court orders or disciplinary rules." In re Passaic Healthcare Services, LLC, 2015 WL 5894414, at *4 (Bkrtcy. D.N.J., 2015) (citing *inter alia* Johnson v. Trueblood, 629 F.2d 302, 304 (3d Cir. 1980)). Additionally, a demonstrated lack of professionalism and sharp tactics justify such revocation. See United States v. Gibson, 751 F.Supp. 209, 210 (D.D.C. 1990). "Violation of accepted rules of professional conduct which result in the erosion of public confidence in the integrity of the bar and of the legal system also may justify disqualification of defendant's chosen counsel." United States v. Collins, 920 F.2d 619, 627 (10th Cir. 1990) (internal quotations and citations omitted).

> Revocation cannot occur without notice and sufficient opportunity to be heard. See Martens v. Thomann, 273 F.3d 159, 175 (2d Cir. 2001). Procedural due process principles apply. Cole v. U.S. Dist. Ct. for Dist. Of Idaho, 366 F.3d 813, 822-23 (9th Cir. 2004) (citing Johnson v. Trueblood, 629 F.2d 302 (3d Cir. 1980)). In determining whether to revoke counsel's *pro hac vice* status based on one or more of the aforementioned grounds, courts evaluate the question in the same way it would evaluate the contemplated disqualification of a regular member of the Court's bar. See Collins, 920 F.2d at 627.

(Doc. 309 at 1-2).

The Court finds that sufficient notice and opportunity to be heard have been provided to Respondents. The Court sees no reason to continue to allow Respondents to practice law in the Western District of Pennsylvania. Both Mr. and Mrs. Silverman had ample notice of what was appropriate conduct during the course of the trial and both attorneys consistently exhibited inappropriate behavior. While Mr. Silverman's unacceptable conduct far exceeded that of Mrs. Silverman, she was present in the courtroom for all of the myriad discussions about permissible conduct. Additionally, she stated on the record that:

> [W]e are acting in good faith and we are working together in this regard; and so if there is something that the Court and the Government feels that Mr. Silverman has done wrong, most of those questions have been carefully researched and culled together, and that would be something that I have done wrong as well by sitting here and joining in that part of the defense.

To reiterate what the Court stated in its Contempt Order, Mrs. Silverman was present for the entirety of the trial, including side bar conversations where the Court repeatedly warned Mr. Silverman about how his conduct was violating this Court's Orders and that sanctions would be forthcoming if his conduct continued. It would be illogical for her to argue that she had no notice as to what constituted unacceptable conduct and she has, indeed, confessed to being complicit in the sanctionable conduct.

Furthermore, the remarks quoted above were made during oral argument on the Government's first Motion to Revoke Mr. Silverman's pro hac vice status. Accordingly,

3

Respondents were aware that revocation was a possible sanction and likely sanction. Additionally, Respondents have had sufficient opportunity to be heard. Yet, they each hired counsel, and chose not to respond to the portion of the Government's Show Cause Motion that asked the Court to revoke their pro hac vice admissions.

When the Court initially examined this issue as to Mr. Silverman, the Court noted, "[o]nly because this Court has concerns that revocation of Mr. Silverman's pro hac vice status at this late juncture might jeopardize his client's Sixth Amendment rights does it opt not grant the Government's motion." (Id. at 3). The Court no longer has such concerns. Trial has concluded. Mr. Mishra was found guilty of the charge against him. Further, Mr. Mishra has chosen to be represented at his sentencing hearing by another attorney, Sally Frick, not Respondents. That alone could justify the Court's imposition of this sanction against Respondents.

Yet, Respondents continue to view this Court's Orders as recommendations or guidelines, as opposed to what they are, mandates from the Court. It seems to the Court that Respondents were once again intending to ignore this Court's Orders by not paying the fines imposed. The Court reasonably infers that the Government's Show Cause Motion was the sole impetus for Respondents acknowledging the Contempt Order.

Accordingly, pursuant to its inherent authority, the Court hereby REVOKES the pro hac vice admissions of Norman and Daphne Silverman. The Silvermans are further ORDERED to notify any judge of this Court of this revocation should they ever attempt to seek admission to practice before the United States District Court for the Western District of Pennsylvania – either by way of a pro hac vice motion – or otherwise.

IT IS SO ORDERED.

May 18, 2016                           s\Cathy Bissoon
                                        Cathy Bissoon
                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record