# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 12-92 |
| | ) |
| MAYANK MISHRA. | ) Judge Cathy Bissoon |
| | ) |

# ORDER

Presently before the Court is Defendant Mayank Mishra's Motion for New Trial (Doc. 481). For the reasons explained more fully below, Defendant Mishra's Motion for New Trial is DENIED.

Defendant Mishra makes eight discrete arguments in support of his Motion, made pursuant to Rule 33 of the Federal Rules of Criminal Procedure. His arguments are as follows:

1. The Court constantly mis-instructed the jury as to the applicable law and sustained objections preventing the defense from correctly stating the law. (Doc. 481) at 1.
2. The Court wrongly ordered the defense to mark and turnover to the government *Jenks Act* material that the defense had just received from the government or forego using the materials on cross-examination. Id. at 4.
3. The Court wrongly ordered that the government was not required to show its exhibits to the defense before moving them into evidence. Id.
4. The Court repeatedly blamed the defense for delaying the trial even though the government took all but one day of the available court time to put on its case. Id. at 5.
5. The Court wrongly denied the defense motion to recuse without referring the matter to an independent magistrate. Id.
6. The Court ordered the defense to disclose its witnesses in a pretrial *ex parte* pleading, yet when the defense followed the Court's order, the Court chastised the defense for having filed a witness list *ex parte* as ordered. Id. at 6.
7. The Court wrongfully and repeatedly held the defense in contempt, causing the defense to be unable to provide effective assistance of counsel. Id.
8. By repeatedly sanctioning and threatening to sanction Counsel, the Court created a conflict of interest between Counsel and Defendant, which deprived Defendant of the effective assistance of Counsel. Id.

Under Rule 33, the district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). As to Defendant Mishra's arguments 1-2, and 4-8, the Court previously, and sincerely, grappled with these issues. Nothing argued in support of those points presents any new basis in law or fact for altering the Court's prior decisions. Defendant Mishra's third argument, that the Court ordered that the Government was not required to show its exhibits to the defense before moving them into evidence, is premised on an incorrect recitation of the facts. At no point during trial did the Court so instruct. Therefore, the Court finds that the interests of justice do not require a new trial for Defendant Mishra in this matter.

Further, the Court acknowledges that Defendant Mishra has preserved for appeal his challenges to the Court's practices and his objections to the Court's prior rulings. Accordingly, Defendant Mayank Mishra's Motion for a New Trial (Doc. 481) is DENIED.

IT IS SO ORDERED.

August 1, 2016                     s\Cathy Bissoon
                                   Cathy Bissoon
                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record